IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**NIEYA ANDIE OWUSU ANSAH**,

              Plaintiff,

      v.

**CHIME BANKING**

              Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

2:24cv1377
**Electronic Filing**

## MEMORANDUM AND ORDER OF COURT

AND NOW, this 8th day of August, 2025, for the reasons set forth in the memorandum below, IT IS ORDERED that plaintiff's motion to proceed *in forma pauperis* be, and the same hereby is, GRANTED. The Clerk of Court shall file [1-1] plaintiff's complaint; and

IT IS FURTHER ORDERED that plaintiff's complaint be, and the same hereby is, DISMISSED as legally frivolous in accordance with 28 U.S.C. § 1915(e).

Nieya Andie Owusu Ansah ("plaintiff") commenced this civil action against defendant Chime Banking by filing a motion to proceed in forma pauperis and attaching to it a "complaint" seeking to assert a Bivens claim for "withholding wage/discrimination/abandonment." Complaint for Violation of Civil Rights (Doc. No. 1-1) at p. 3. Plaintiff's complaint states that she had "problems with [her] new name change" and "they" sent her "direct deposit [back] to SSI because names didn't match" despite plaintiff alleging that she had uploaded her "new I.D. and social security card almost 50 [times]." Id. Plaintiff further alleges that she "ordered[ed] tires online" but "never received [her] merchandise" and that she filed "three disputes" and "had to wait [six] months for them to refuse." Id. Finally, plaintiff alleges that she was "stuck in

New Mexico" for three days and had to get friends to assist her with money "due to the holiday and the murder that was just 3 mile[s] short of [the] gas station [where she] was [located]." Id.

Plaintiff identifies Chime as "Chime Banking" on her motion to proceed in forma pauperis. (Doc. No. 1) at p. 1. Chime's address is in San Francisco, California, as identified on plaintiff's "summons in a civil action" form, which was submitted twice to the court. See Doc. No. 1-4 at p. 1; Doc. No 1-5 at p. 1. This is the most information that plaintiff provides about Chime. Plaintiff does not identify what Chime Banking does, how plaintiff is involved with Chime Banking, or any information about how they might be responsible for the alleged events. Id. Plaintiff further avers that all of the events giving rise to her claims occurred in New Mexico. Doc. No. 1-1 at p. 4. Plaintiff ends her complaint by asserting damages of "15 million dollars" for "women civil right, neglection/abandonment." Id. at 5.

The United State Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis to determine whether to direct service of a complaint where the plaintiff seeks to proceed in forma pauperis. First, the court must determine whether the litigant is indigent within the meaning of 28 U.S.C. § 1915(a). Second, the court must determine whether the complaint is frivolous or malicious under 28 U.S.C. § 1915(d).[1] Roman v Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990). The court finds plaintiff to be without sufficient funds to pay the required filing fee. Thus, she will be granted leave to proceed in forma pauperis.

Next, plaintiff's complaint will be dismissed as legally frivolous because she has failed to allege how the defendant harmed her in the manner that gives rise to a viable theory of legal recourse. In Neitzke, the Supreme Court identified two types of legally frivolous complaints: (1) those based upon indisputably meritless legal theory, and (2) those with factual contentions

---

[1] This provision is now codified at 28 U.S.C. § 1915(e)(2)(B)(i).

which are clearly baseless. <u>Neitzke v. Williams</u>, 490 U.S. 319, 327-28 (1989). An example of the first is where a defendant enjoys immunity from suit, and an example of the second is a claim describing a factual scenario which is fanciful or delusional. <u>Id.</u> at 328. In addition, Congress has expanded the scope of 1915 to require that the court be satisfied that the complaint states a claim upon which relief can be granted before it directs service; if it does not, the action shall be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

A plaintiff proceeding pro se is held to "less stringent standards" than pleadings drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 92 S. Ct. 594, 596 (1972). Although all facts alleged in a pro se complaint must be accepted as true, a pro se complaint may still be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. <u>Thorpe v. Little</u>, 804 F. Supp. 2d 174, 180 (D. Del. 2011). Additionally, it is not proper for a court to assume a plaintiff "can prove facts for which [he or she] has not alleged." <u>Associated Gen. Contractors v. Cal. State Council of Carpenters</u>, 459 U.S. 519, 526, 103 S. Ct. 897 (1983).

Plaintiff's "complaint" is based on a hodgepodge of assertions that fail to give rise to any viable theory of recovery. To bring an action under either 42 U.S.C. § 1983 or <u>Bivens</u>, a plaintiff must sufficiently show that the party was acting under "color of state law." <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388, 91 S. Ct. 1999 (1971). Here, plaintiff has not shown that Chime was acting under color of state law, and in fact has not shown that Chime has committed any wrongdoing against her. Although plaintiff alleges harms, none of the harms listed by plaintiff can be attributed to Chime based on the factual averments in plaintiff's complaint. Even if Chime Bank did send money back to the Social Security Administration or failed to send or transact plaintiff's money because her names did not match, which caused her to be unable to pay for tires or access money while she was in New Mexico, none of these acts may be fairly assigned to Chime as an act of wrongdoing or negligence given

3

the allegations of the complaint.  And this is particularly so given that plaintiff has not

established a relationship with Chime that would give rise to a legal duty.  Additionally, any

claim for Chime withholding wages or discriminating against plaintiff would require the

existence of an employment relationship, which is not alleged anywhere in the complaint.

Plaintiff has not properly established a relationship with Chime, that Chime has acted wrongly,

or how plaintiff is entitled to recover from any wrongdoing.  Because plaintiff's claim not only

fails to state a claim upon which relief can be granted, but also lacks any arguable basis in law, if

not in fact, the case should be dismissed as frivolous.  See Banks v. Pennsylvania, Civil Action

No. 09-1437, 2010 U.S. Dist. WL 569545 (W.D. Pa. Jan. 4, 2010) (legally frivolous claims

include those that lack an arguable basis in law or fact) (citing Hutchins v. McDaniels, 512 F.3d

193, 195–96 (5th Cir. 2007) ("A complaint is frivolous if it lacks an arguable basis in law or

fact.").

       Because plaintiff's complaint lacks any arguable basis in law or fact, and/or is based on

an indisputably meritless legal theory, the complaint will be dismissed as legally frivolous

pursuant to 28 U.S.C. §1915(e).[2]

 

                                          s/David Stewart Cercone
                                          David Stewart Cercone
                                        Senior United States District Judge

---

[2] Generally, a plaintiff is to be granted leave to amend where an amendment might be able to cure the deficiencies resulting in the dismissal.  Phillips v. County of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008).  This principle does not apply, however, when the record indicates that any attempt to do so would be futile.  Grayson v. Mayview State Hosp., 293 F. 3d 103, 108 (3d Cir. 2002).  Here, plaintiff does not provide facts to support her claims that the "defendant" was involved in or harmed her in a way that would give rise to a "Bivens" claim or any other legal basis for recovery.  Nor does it appear that there is any reasonable basis to assume she might be able to do so.  Therefore, plaintiff's claim has been dismissed and the case has been closed.

cc:    Nieya Andie Owusu Ansah
        111 Tecumseh Street
        Apartment #206
        Hazlewood, PA 15207

        (*Via CM/ECF Electronic Mail*)